UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRADY CARTER,**

    Petitioner,

vs.                                                CASE NO. 8:10-cv-801-T-27EAJ
                                                  CRIM. CASE NO. 8:08-cr-419-T-27EAJ

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), the Government's Response (CV Dkt. 4), Petitioner's Reply (CV Dkt. 5), and Petitioner's Motion to Amend (CV Dkt. 7). Upon consideration, both Petitioner's motion to vacate and his motion to amend are DENIED.

**Procedural Background**

Petitioner was charged by an indictment with conspiracy to possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 846. (CR Dkt. 1). On December 10, 2008, Petitioner pleaded guilty pursuant to a written plea agreement. (CR Dkts. 26, 29, 41). On March 12, 2009, Petitioner was sentenced to one hundred twenty (120) months imprisonment to be followed by three years of supervised release. (CR Dkt. 56). Petitioner appealed but subsequently moved to dismiss

the appeal. On May 28, 2009, the United States Court of Appeals for the Eleventh Circuit granted Petitioner's amended motion to dismiss. (CR Dkt. 71).

Petitioner signed his original Section 2255 motion on April 1, 2010. (CR Dkt. 79; CV Dkt. 1). The Respondent makes no challenge to the timeliness of the original motion. Petitioner raises one ground for relief:

> **Ground One:** Counsel rendered ineffective assistance by not objecting to the inclusion in the presentence report ("PSR") of Petitioner's prior state convictions used to determine Petitioner's status as a career offender[1]

## Discussion

### I. Original petition

In his sole ground for relief Petitioner contends that his trial counsel rendered ineffective assistance by not objecting to the inclusion in the presentence report ("PSR") of certain prior state convictions used to determine Petitioner's status as career offender under U.S.S.G. § 4B1.1. He argues that a juvenile adjudication cannot be used in the calculation of a sentencing enhancement.

Petitioner's written plea agreement includes an express waiver of his right to appeal or collaterally attack his sentence:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally, including the filing of a 28 U.S.C. § 2255 petition, on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's

---

[1] Petitioner argues for the first time in his reply that his counsel rendered ineffective assistance by "dismiss[ing] [Petitioner's direct appeal] for reasons unknown to [Petitioner] and in opposition to [Petitioner]'s request." (CV Dkt. 5, p. 1). To the extent that Petitioner attempts to assert this claim as an independent ground for relief, he cannot obtain review of the claim because the claim is not properly before the court. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (arguments raised for the first time in a reply brief are not properly before a reviewing court); *United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002) (same).

> applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(CR Dkt. 26, p. 11).

An appeal waiver in a plea agreement is enforceable if the waiver is made knowingly and voluntarily. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). An appeal waiver will be enforced if the Government demonstrates either: (1) that the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) that the record clearly shows that the defendant otherwise understood the full significance of the waiver. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). A knowing and voluntary waiver precludes a defendant from collaterally attacking his conviction in a Section 2255 motion. *Williams v. United States*, 396 F.3d at 1342. The waiver is enforceable against a claim of ineffective assistance of counsel at sentencing because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342.

During the plea colloquy[2] Petitioner specifically averred that he understood the consequences of the appeal waiver, including the provision barring a collateral attack:

---

[2] The change of plea hearing combined three separate criminal cases with separate defendants. The transcript of Petitioner's plea colloquy is found in Case No. 8:08-cr-202-T-30EAJ, Dkt. 60.

3

| | |
|---|---|
| THE COURT: | All right. Now we get to the part where there's another waiver that . . . you have in the plea agreement, and this drastically limits your right to appeal or challenge your sentence after it's imposed. It's called "a waiver of appeal," but it applies not only to an appeal to a higher court, but also to what we call "collateral challenges," which would limit your right to go back to the sentencing judge and argue that your sentence should be overturned. So, please listen carefully to this provision. . . . |
| [PROSECUTOR]: | . . . . The appeal-of-sentence waiver: "The Defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal Defendant's sentence or to challenge it collaterally on any ground, including the ground if [sic] the Court erred in determining the applicable sentencing guidelines range pursuant to the United States Sentencing Guidelines except (a) the ground that the sentence exceeds the Defendant's applicable guidelines range as determined by the court pursuant to the United States [S]entencing [G]uidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution, provided, however, that if the Government exercises its right to appeal the sentence imposed as authorized by Title 18, United States Code, Section 3742(b), then the Defendant is released from his waiver . . . and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a)." |
| THE COURT: | All right, thank you. |
| . . . . | |
| THE COURT: | Mr. Carter, did you hear what the Prosecutor read? |
| CARTER: | Yes, ma'am. |
| THE COURT: | Did you talk to your attorney about this part of your plea agreement? |
| CARTER: | Yes, ma'am. |
| THE COURT: | Sometimes a defendant will conclude that his sentence or conviction is wrong because the defendant's attorney made a serous mistake that caused a different outcome. That's called "a claim of ineffective assistance of counsel." |

> I'm not suggesting at all that . . . you have a claim of ineffective assistance of counsel against your attorney or that you will have a claim, but I need to make you aware that that's one of the three things that you can use to challenge your sentence.
>
> In other words, you also give up your right to claim ineffective assistance of counsel in this case, particularly regarding sentencing, but also in the guilty plea.
>
> . . . .
>
> THE COURT: Do you understand what I'm telling you, Mr. Carter?
>
> CARTER: Yes.
>
> THE COURT: Do you make the waiver of appeal knowingly?
>
> CARTER: Yes, ma'am.
>
> THE COURT: Do you make it voluntarily?
>
> CARTER: Yes, ma'am.
>
> THE COURT: Okay. Do[es] th[is] plea agreement[] that . . . you signed contain all the promises or understandings that led you to plead guilty?
>
> . . . .
>
> THE COURT: Mr. Clark (sic)?
>
> CARTER: No, ma'am.
>
> . . . .
>
> [PROSECUTOR]: Your Honor, if I may, just to correct the record, it's "Mr. Carter," for the court reporter.
>
> THE COURT: Thank you. I said "Mr. Clark." Thank you. I meant "Mr. Carter." Do you understand that, sir?
>
> CARTER: Yes, ma'am.

| | |
|---|---|
| THE COURT: | Has anybody promised you anything which is not in the written plea agreement? |

. . . .

| | |
|---|---|
| THE COURT: | Mr. Carter? |
| CARTER: | No, ma'am. |

(Case No. 8:08-cr-202, Dkt. 60, pp. 28-33).

Upon completion of the full colloquy, the magistrate judge found that Petitioner freely and voluntarily entered his plea. (Case No. 8:08-cr-202, Dkt. 60, p. 49). Petitioner neither challenges the validity of his plea agreement or the waiver, nor argues that any of the exceptions specified in the waiver apply to permit collateral review of his claim. Consequently, ground one is barred from federal review in this Section 2255 motion.

Even if this ground were cognizable, Petitioner is not entitled to relief. A district court may enhance a defendant's sentence as a career offender under U.S.S.G. § 4B1.1 if: (1) the defendant was at least eighteen years old when he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). The term "controlled substance offense" is defined as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, . . . distribution or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with the intent to manufacture . . . distribute, or dispense.

U.S.S.G. § 4B1.2(b). As used in U.S.S.G. § 4B1.1(a), the term "prior felony conviction" is defined as:

> [A] prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. A conviction for an offense committed at age eighteen or older is an adult conviction. A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted . . . .

U.S.S.G. § 4B1.2, cmt. n.1. The term "two prior felony convictions" is defined as:

> (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (i.e, . . . two felony convictions of a controlled substance offense . . . ) and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of [U.S.S.G.] § 4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

U.S.S.G.§ 4B1.2(c).

The presentence report identifies four prior state convictions to support application of the career offender enhancement to Petitioner:

1) Sale of cocaine, Circuit Court, Pinellas County, Case Number CRC94-10864CFANO, a felony controlled substance offense, sentenced on October 11, 1996;

2) Sale of cocaine, Circuit Court, Pinellas County, Case Number CRC95-8260CFANO, a felony controlled substance offense, sentenced on October 11, 1996;

3) Possession of cocaine with intent to sell, Circuit Court, Pinellas County, Case Number CRC98-14429CFANO, a felony controlled substance offense, sentenced on April 19, 1999; and

4) Sale of cocaine, Circuit Court, Pinellas County, Case Number CRC05-126CFANO, a felony controlled substance offense, sentenced on February 10, 2006.[3]

(PSR, p. 3, ¶25).

---

[3] Petitioner's two convictions for sale of cocaine in Case Nos. CRC95-8260CFANO and CRC05-126CFANO and his conviction for possession of cocaine in Case No. CRC98-14429CFANO were each second-degree felonies punishable by more than one year imprisonment. (CV Dkt. 4, Attachs. 3-6).

The conspiracy for which Petitioner was convicted occurred between 2006 and 2008. Petitioner was over eighteen years of age when he committed this offense[4] and his conviction is for a controlled substance offense. The PSR shows that Petitioner has at least two prior felony convictions for a controlled substance offense. Consequently, Petitioner was properly designated as a career offender for sentencing purposes.[5] *See* U.S.S.G. §4B1.1.[6]

## II. Motion to amend[7]

Petitioner moves to amend his Section 2255 motion to include a new claim challenging the validity of his guilty plea. (CV Dkt. 7). Petitioner argues that "[c]ounsel informed [P]etitioner that there had been new amendments[8] to the U.S. Sentencing Guidelines that would have an affect on his sentencing range and could greatly affect the outcome of his sentence and if [P]etitioner pleaded guilty, he would receive the fruits of such amendments . . . ." Petitioner further contends that he never received the benefits of the new amendments as counsel had informed him that he would thus rendering his plea agreement invalid.

---

[4] Petitioner was born on February 4, 1976. (PSR, p. 2).

[5] Petitioner states in his motion that "a juvenile adjudication cannot be used" to support a career offender enhancement. Contrary to Petitioner's assertion, no juvenile conviction was considered in determining whether he qualified as a career offender. *See* PSR, pp. 3-9.

[6] Both Petitioner and the Government have submitted copies of the documents establishing the state convictions. (CV Dkts. 4, 5). Petitioner argues in his reply that the order of probation and the judgments evidencing the underlying state convictions attached as exhibits to the Government's response (CV Dkt. 4) cannot be used to prove his prior convictions because the documents do not include an "attestation of the clerk and [a court] seal," in violation of the Full Faith and Credit Clause. Petitioner appears to argue that copies of the records establishing his prior state convictions must be authenticated or proven to be official records under 28 U.S.C.§ 1738 and Fed. R. Civ. P. 44. U.S.S.G. § 4B1.1 includes no requirement that records of a defendant's prior convictions bear a particular court seal or attestation to establish the convictions' validity. Moreover, Petitioner neither denies the validity of his prior convictions nor asserts that the copies of both the order of probation and the judgments evidencing the underlying state convictions include any false or misleading information.

[7] The Government filed no response to the motion to amend.

[8] Petitioner specifically argues that he should have received the benefit of Amendment 709 which addresses "two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." U.S.S.G. Manual, App. C, Amend. 709 (2007).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for a motion filed pursuant to Section 2255. *See* 28 U.S.C.§ 2255(f); *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Petitioner pleaded guilty and judgment was entered on March 12, 2009. (CR Dkt. 56). Petitioner filed a direct appeal but moved to voluntarily dismiss that appeal, a motion granted by the Eleventh Circuit on May 28, 2009. (CR Dkt. 71). The Eleventh Circuit has not issued a published opinion addressing when a judgment becomes final in a case where a defendant voluntarily dismisses his appeal. *See Baskin v. United States*, 2011 WL 794821 (M.D. Fla. March 1, 2011) (noting that the Eleventh Circuit has not yet ruled on this issue but finding the defendant's Section 2255 motion untimely regardless of the method of calculating timeliness). However, in similar cases in this circuit, district judges have ruled that, for the purpose of calculating the timeliness of a Section 2255 motion, the defendant's judgment becomes final ninety days after the dismissal of the defendant's appeal when the time for filing a petition for a writ of certiorari expires. *See United States v. Reed*, 2011 WL 2038627 at *4 (N.D. Fla. April 4, 2011);[9] *Lehet v. United States*, 2007 WL 186801 at *1 (M.D. Fla. Jan. 22, 2007).

Regardless of whether Petitioner's conviction is deemed final ten days after entry of the judgment[10] or ninety days after the dismissal of his appeal, his amendment is untimely. The Eleventh Circuit granted Petitioner's motion to dismiss his appeal on May 28, 2009. Giving Petitioner the

---

[9] This citation is to a magistrate judge's report and recommendation. The district judge adopted the report and recommendation on May 23, 2011. *See* Case No. 3:08-cr-20, Dkt. 100.

[10] Absent a direct appeal, a defendant's conviction becomes final when the time for filing a direct appeal expires. *See Atkins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). At the time Petitioner's judgment was entered, the applicable appellate rule designated that the time for filing a direct appeal expired ten days after entry of the judgment of conviction. *See* Fed. R. App. P. 4(b)(1)(A)(i) (West 2009).

benefit of the ninety-day period for filing a petition for writ of certiorari, the latest his conviction became final was August 27, 2009, when the period for seeking certiorari review expired.[11] *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with [the United States Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002) (a judgment becomes "final" when the time for filing a petition for writ of certiorari expires). Petitioner had one year from that date, until August 27, 2010, to timely file a Section 2255 motion. Accordingly, Petitioner's original Section 2255 motion, signed on April 1, 2010, and received by the court on April 6, 2010, is timely. However, Petitioner's motion to amend signed on October 21, 2010, clearly falls outside the limitation period. Thus, his amended claim challenging the validity of his guilty plea is untimely and barred from federal review unless the claim relates back to the timely-filed claim in Petitioner's original Section 2255 motion.

"'Relation back' causes an otherwise untimely claim to be considered by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). To relate back to a timely § 2255 motion, a subsequently presented claim must arise from the same conduct and occurrences that formed the basis of the timely asserted claims. *See* Fed. R. Civ. Proc. 15(c).[12] "[T]he untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport v. United States*, 217 F.3d at 1344 (citations omitted).

---

[11] Petitioner filed no petition for writ of certiorari in the United States Supreme Court.

[12] Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out - or attempted to be set out - in the original pleading." Fed. R. Civ. Proc. 15(c)(1)(B).

10

In his motion to amend (CV Dkt. 7), Petitioner seeks federal review of a new claim challenging the validity of his guilty plea. Petitioner attempts to introduce different facts from those underlying his timely original claim. "Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts." *Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002). *Cf. Mayle v. Felix*, 545 U.S. 644, 662 (2005) ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance.").

Petitioner presents no challenge to the validity of his guilty plea in his original motion. Rather, he argues only that his trial counsel rendered ineffective assistance by not objecting to the inclusion in the presentence report ("PSR") of certain prior state convictions used to determine Petitioner's status as career offender under U.S.S.G. § 4B1.1. Pre-plea and post-plea claims of ineffective assistance of counsel are separate and distinct claims. Petitioner cannot rely upon his original ineffective assistance claim challenging counsel's actions at sentencing to establish the timeliness of his new pre-plea claim of ineffective assistance of counsel.

Petitioner's amended claim differs in both time and type from the original claim and is not "tied to a common core of operative facts" with the ineffective assistance claim presented in the original motion. *Mayle v. Felix*, 545 U.S. 644 at 664. *See also Davenport v. United States*, 217 F.3d at 1344 ("[I]n order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or separate occurrence in 'both time and type.'"). Thus, petitioner's amended claim does not relate back to his original claim under Rule 15(c) and is therefore time-barred. *See* Fed. R. Civ. Proc. 15(c). *See also Espinosa v. United States*, 330 Fed.

11

Appx. 889, 892 (11th Cir. 2009) (petitioner's new claims of ineffective assistance during pre-trial proceedings did not relate back to original ineffective assistance claims alleging errors at trial and sentencing); *Mabry v. United States*, 336 Fed. Appx. 961, 964 (11th Cir. 2009) (new claim that counsel rendered ineffective assistance at sentencing by failing to assist the court in calculating correct sentencing guidelines level did not relate back to original ineffective assistance claim based on counsel's failure to explain at sentencing defendant's substantial assistance because "[although both claims involve counsel's performance at sentencing, they involve very different aspects of counsel's performance").

To the extent that Petitioner may argue entitlement to tolling of the one-year limitation to demonstrate the timeliness of his amended claim, he cannot prevail. Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is a remedy that must be applied sparingly." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d at 1286.

AEDPA's one-year limitation begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28

U.S.C. § 2255(f)(4). Petitioner's amended claim was available to him at the time he timely filed his original Section 2255 motion and he fails to articulate any extraordinary circumstance that prevented him from timely filing his amended claim. *Lawrence v. Florida*, 549 U.S. at 336. Accordingly, Petitioner's motion to amend is untimely.

### Evidentiary hearing

This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. Petitioner's motion to amend (CV Dkt. 7) is DENIED. The clerk is directed to enter judgment against Petitioner and to close this case.

**DONE AND ORDERED** in chambers this 26th day of July, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record